**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BRYAN HELM, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:12-cv-134-TWP-DKL |
| ) | |
| MR. BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Bryan Helm is a state prisoner who was disciplined in a proceeding identified as No. ISR 11-08-0066, for violating prison rules at the Pendleton Correctional Facility by committing a battery/assault upon another person without a weapon or inflicting bodily injury. Contending that the proceeding was constitutionally infirm, Helm seeks a writ of habeas corpus. His specific contentions are that he was denied due process because: (1) there was a procedural error in changing his charge from physical resisting to assault and battery on a staff when the evidence does not support assault on staff; and (2) there was insufficient evidence to support a guilty finding that Helm assaulted an officer.

The writ Helm seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits

without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Helm was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The evidence favorable to the decision of the conduct board, *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), as set forth in the conduct report is that:

> On 8-18-11 at approx 1055 pm I Sgt B. Lunsford along with ofc J. Davis ofc K. Myers, Lt E. Weston were sent to search ofd Helm Bryan 963514 D1 101 Lower, when I Sgt B. Lunsford open the door to the cell. I saw ofd Helm lying on his stomach talking on a cell phone. I told ofd Helm to relax and be still and to hand me the cell phone. Ofd Helm got up off his bed and used his right arm to move me from in front of the toilet were (sic) he throw (sic) the cell phone and flused (sic) it. Ofd Helm was placed on his bed were (sic) he begain (sic) physically

>resisting. At which time Ofc. J. Davis applied the hand held stun device to regain control of ofd Helm. Ofd Helm was placed in restraint and removed from his cell and escorted to DHB holding cell by ofc. K. Myers were (sic) he had photo taken of the signurture (sic) mark from the stun device. He was also seen by medical. He was placed in cell 6-3E.

Helm=s challenges fail. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as Asome evidence.@ *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Here, the conduct report and the witness statement provide that Helm was physically resisting staff; these statements are clear and provide a direct account of Helm's assault on Sergeant Lunsford. A reasonable adjudicator could readily have so concluded. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the

proceeding which entitles Helm to the relief he seeks. Accordingly, Helm's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/13/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bryan Helm
No. 963514
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

janine.huffman@atg.in.gov